Stephenson, J.
'The present contention between counsel in this case is as to the payment of costs.
Plaintiff claims that Section 6308, General Code, repeals Section 11625, General Code, by implication so far as actions of this character are concerned.
Defendant claims that Section ,6308, General Code,’ does not affect Section 11625, General Code, at all.
The court concedes that there is room for argument both ways. Section 10223, General Code, provides:
"Unless otherwise directed- by law, the jurisdiction of justices of the peace in civil cases is limited to the township wherein they have been elected and wherein they reside.- No justice of the peace shall hold court outside the limits of the township for which he was elected. ’ ’
That is a statute fixing generally the jurisdiction of justices of the peace.
*31 Section 11625, General Code, provides:
“If it appears that a justice of the peace has jurisdiction of an action brought in any other court and the judgment is less than one hundred dollars, unless the recovery be reduced below that sum by counter-claim or set-off, each party shall pay his own costs..”
Section 6308, General Code, provides:
“Actions for injury to a person or property caused by the negligence of the owner of a motor vehicle may be brought by the person injured against such owner in the county in which such injured person resides. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside, and may be served as in other civil actions.”
This is the latest section and unless it repeals Section 11625 by-implication such section applies to this case.
Statutory construction, particularly when the only question is as to repeal by implication, in Ohio, might be said to be reduced to an exact science.
Plaintiff in this action obtained a verdict against defendant for five dollars, and he claims that such a recovery carries all costs in the ease.
Defendant, relying on Section 11625, General Code, which provides in effect that if the action could have been brought in a justice’s court and wasn’t, and the amount of recovery is less than one hundred dollars and such recovery was not reduced below said sum by counter-claim or set-off, each party shall pay his own costs.
The party who seeks to benefit by an implied repeal usually carries a heavy burden, as he must bring himself fairly and squarely within the rules laid down by the court of last resort.
The first rule is:
“A special statutory provision upon a particular subject supersedes and takes the place of a more general provision.” Railway v. Commissioners, 71 O. S., 454.
Section 6308, General Code, tinder which this action was brought, is a special statutory provision upon a particular sub *32 ject. It deals exclusively with “Injury to a person or property caused by the negligence of the owner of a motor vehicle,” etc.
But does this section affect Section 11625, General Code?
It is doubtful whether, under this section, a justice o£ the peace would have authority to issue summons to the. sheriff of another county. That the safest course to pursue, since the Supreme Court has said that Section 6308 is constitutional (84 O. S., p. 283), it would be to institute the proceeding in the court of common pleas.
'The second rule is:
“Repeals by implication are not favored, and before a statute is so repealed the repugnancy must be necessary and obvious, and if by any fair course of reasoning conflicting statutes can be reconciled, the law must stand. State v. Cameron, 89 O. S., 214.
‘ ‘ The court can not see that the provisions of Section 6308 are necessarily and obviously repugnant to Section 11625, but is of opinion that said sections can be easily reconciled. The court regards Section 6308 as cumulative — merely providing a new way of enforcing an old remedy by enlarging the process of the court. Litigants may make use of Section 6308 if they so desire, but if it were wiped off the statute books entirely a person injured in his person or property by tire owner of a motor vehicle would not be without remedy.”
The third rule is:
“Repeals by implication occur only when it results from the necessity of giving effect to the later legislation.” Henderson v. City, 81 O. S., p. 27.
It is certainly not necessary to repeal Section 11625 in order to give effect to Section 6308.
The fourth rule is:
“Where two statutes are inconsistent, the court will reconcile them if possible.”
'The court is of opinion that these sections are easily reconciled, in fact, are perfectly harmonious, and so finds, and each party to this action will pay his own costs.
Plaintiff may have his exceptions.